## SMITH, guardian, *v.* LANIER *et al.*

A ledger kept by an agent and containing entries of amounts received and paid out by him in conducting the business of his agency, is not, in the trial of an action by his principal against a partnership of which he is a member, admissible in evidence in the plaintiff's behalf, either for the purpose of disproving the correctness of an account current rendered by the partnership to the principal and purporting to contain a statement of its dealings with the latter with respect to the business entrusted to the agent, or for the purpose of proving an independent liability on the part of the partnership to the principal. The above is true although the account current was made out by the agent as a member of the partnership and contained numerous items identical with those appearing on the ledger kept by him as agent for the plaintiff.

Argued April 15, — Decided May 7, 1897.

Petition for injunction, etc.    Before Judge Harris.    Troup county.    November 20, 1896.

*W. R. Hammond*, for plaintiff.

*Dorsey, Brewster & Howell* and *R. A. S. Freeman*, for defendants.

LUMPKIN, P. J.    An assignment was made by W. C. & L. Lanier, a firm of bankers, for the benefit of creditors.    In the list of creditors attached to the assignment the name of Mrs. Annie T. Smith did not appear.    She, as the guardian of certain named wards, filed an equitable petition against the Laniers and others, praying that the assignment be set aside as illegal, that a receiver be appointed to take charge of the partnership assets, and that she have judgment for a large sum claimed to be due her as guardian.    In their answer to her petition, the defendants denied that, at the time the assignment in question was made, the firm of W. C. & L. Lanier was indebted to her, either individually or in her capacity as guardian, in any amount whatsoever.    So it will be seen that her right to any of the relief prayed for depended upon her ability to show that she was, as matter of fact, really a creditor of

that firm and interested in the disposition of its assets. At the interlocutory hearing she put in evidence an account current which had been rendered to her by this firm, on its face showing that her account with it was exactly balanced. She then sought to surcharge this account and show its incorrectness in the following manner : Proof was introduced showing that L. Lanier, one of the partners, had been for many years her agent in the management of a large plantation belonging to her wards, and, in the course of his business as such agent, had received and disbursed considerable sums of money ; that, acting as her agent, he had made deposits with and had drawn checks upon the firm of W. C. & L. Lanier, an account of which transactions was kept by that firm ; and that, during the period above referred to, L. Lanier had kept a private account-book, purporting to be a record of his receipts and expenditures while acting as her agent in the management of the plantation. The account current above mentioned as having been rendered by the partnership to Mrs. Smith purported to contain a statement of all its dealings with L. Lanier with respect to the business of his agency in managing the plantation affairs. This account current was shown to be in the handwriting of L. Lanier. Having proceeded thus far in endeavoring to make out her case, the plaintiff then offered in evidence the account-book which had been kept by him, and proposed to show by competent expert evidence that the entries made therein showed a large balance in her favor. The court refused to hear the expert evidence, or to permit the introduction of the book. The items appearing upon the account current were in many respects identical with those embraced in the entries made in the book, but the latter showed numerous other entries which did not appear at all upon the account current. The plaintiff's purpose in offering this book was to show (1) a large indebtedness of L. Lanier to her for which he had never accounted, and (2) a resulting indebtedness on the part of the partnership. It was insisted that the book was relevant because the items in it in many respects corresponded with the items appearing on the account current ; and further, because this account current had been made out by L. Lanier,

one of the members of the firm, who was the same person who had kept the book.

We think the trial judge was clearly right in refusing to admit this book in evidence. In a controversy between Mrs. Smith and L. Lanier, it would unquestionably have been admissible as evidence in the nature of admissions made by him against his interest; but, as against the partnership, the book could not serve this or any other purpose, for the simple reason that, in keeping the book, he was acting as her agent, and not as the agent of the firm of which he was a member. Had the agent appointed by her to manage the affairs of the plantation been a person entirely unconnected with this firm, it would be perfectly clear that no entries of his in a private book wherein he endeavored to keep a correct account of his transactions with her could, in any view of the matter, possibly affect the partnership. In principle, it makes no difference that her agent happened to be a member of the firm with which he dealt in her behalf. His acts with reference to carrying on the business of the plantation were the acts of "L. Lanier, Agent," and not those of L. Lanier, a member of the firm of W. C. & L. Lanier. Nor does it matter that, in the latter capacity, he made out and rendered a statement to Mrs. Smith of her account with his firm. For aught that appears, this statement was correct in every detail, and a strict account was made of every cent which actually went into the partnership's hands. Whether L. Lanier, as the plaintiff's agent, received moneys belonging to her wards for which he has never accounted, is an entirely different matter. The book kept by him showing his dealings with her doubtless might throw more or less light upon this question; but it could not possibly be regarded as evidence tending to show that his firm had not accounted to Mrs. Smith for every dollar which he, acting as her agent, had committed to its keeping. The rule which holds a partnership liable for the acts of any member thereof while assuming to act within the apparent scope of the partnership business certainly is broad enough to protect the rights of third persons dealing with the partnership. Indeed, a strict application of this rule is often attended with manifest hardship. It would be monstrous to

hold a partnership legally responsible for acts of one of its members in no way connected with the business of the partnership, but avowedly done upon such member's own individual responsibility while assuming to act as the agent of another under express authority from the latter.

In order to sustain her allegation that she was a creditor of the firm of W. C. & L. Lanier, it was incumbent upon the plaintiff to show affirmatively by competent evidence that assets belonging to the estate of her wards and unaccounted for actually went into the hands of that firm; for otherwise, it is obvious that she would have no concern in the question whether the assignment to creditors was, or was not, valid and binding. As, upon the interlocutory hearing, she signally failed in her attempt so to do, the trial court properly declined to grant the extraordinary relief prayed for in her petition.

*Judgment affirmed. All the Justices concurring.*